112

In re Tinsley

March 18, 2015

Case No. CL-2015-2843

BY JUDGE JANE MARUM ROUSH

I received a Motion for Entry of Order and the corresponding draft order in this case. For the following reasons, I will deny the motion without prejudice.

As I understand the facts, this case originated from a foreclosure action in December 2002 of real property owned by Hermione and Philip Tinsley, Jr. After the foreclosure, there were excess proceeds in the amount of $293,208.84. Mr. and Mrs. Tinsley were entitled to the excess proceeds of the foreclosure sale. The couple could not agree on how the money was to be paid out, and an interpleader action was filed.

An order was entered on April 27, 2004, allowing the funds to be interpleaded to this court. Philip Tinsley, Jr., died on March 10, 2005. An order from the Stafford County Circuit Court found that he had only two known heirs, Philip Tinsley, III, and Hermione Tinsley. Hermione Tinsley died on February 19, 2006. By order dated October 24, 2014, the money being held by the Circuit Court was moved to the State Treasury pursuant to Va. Code § 55-210.12. The present motion was filed February 26, 2015.

Resolution of the motion involves several interrelated provisions of the Code of Virginia.

Va. Code § 8.01-602 provides, in pertinent part:

> Whenever any money has remained payable or distributable for one year in the custody or under the control of any court of this Commonwealth without anyone known to the court claiming the same … the court shall cause such money to be reported and then remitted to the State Treasurer.

Va. Code § 8.01-605 states that "[m]oney paid into the state treasury under the provisions of this Article shall be accounted for and disbursed under the procedures provided for in Article 4 of Chapter 11.1 of Title 55 (Va. Code § 55-210.12 *et seq.*)."

Va. Code § 55-210.20 provides that "[a]ny person claiming an interest in any property delivered to the Commonwealth under this Chapter may

file a claim thereto or to the proceeds from the sale thereof on the form prescribed by the State Treasurer."

Finally, Va. Code § 55-210.21 specifies how funds paid into the State Treasury may be recovered:

> A. The State Treasurer shall consider any claim for property held by the State Treasurer pursuant to the provisions of this Chapter that is filed under this Chapter and may hold a hearing and receive evidence concerning such claim. If a hearing is held, he shall prepare a finding and a decision in writing on each claim filed, stating the substance of any evidence heard by him and the reasons for his decision. The decision shall be a public record.
>
> B. If the claim is allowed, the State Treasurer shall make payment forthwith. The State Treasurer is authorized to deduct from the claim the costs for notices, sales, and other related incurred expenses.

In light of this statutory authority, it appears that the Circuit Court is not the appropriate forum to petition for the return of the interpleaded funds.

For these reasons stated in this letter, petitioner's request for Entry of an Order is denied without prejudice to being renewed in the proper forum.